UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL MENDEZ,<br>    Petitioner,<br>  v.<br>KIMBERLY A. SEIBEL,<br>    Respondent. | Case No. 16-cv-05120-JCS (PR)<br><br>**ORDER TO SHOW CAUSE**<br><br>Docket Nos. 2, 5 and 6 |

**INTRODUCTION**

Petitioner seeks federal habeas relief under 28 U.S.C. § 2254 from his state convictions.[1] The petition for such relief is here for review under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

The petition appears both unexhausted and untimely. Petitioner admits he did not file for direct or collateral review in state court. If he did not pursue his state judicial remedies, his claims are unexhausted. If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). It appears untimely because petitioner was sentenced in 2011 but he filed

---

[1] Petitioner consented to magistrate judge jurisdiction. (Docket No. 3.) The magistrate judge, then, has jurisdiction to issue this order, even though respondents have not been served or consented to magistrate judge jurisdiction. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995).

the instant petition 5 years later, which is outside the one-year statute of limitations period for filing a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1).

**In light of this record, respondent shall file a motion to dismiss on grounds of untimeliness and/or failure to exhaust (or other dispositive motion), or file a notice that respondent declines to file such a motion. If respondent declines to file a dispositive motion, he shall file an answer addressing the merits of the petition. The deadline for filing a motion or answer is January 23, 2017, unless an extension is granted.**

## BACKGROUND

According to the petition, in 2011, in the Santa Clara Superior Court, petitioner pleaded guilty to committing lewd and lascivious acts on a child. The petition does not state how long his sentence is.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner claims that (1) the police violated his Fifth Amendment rights; (2) counsel rendered ineffective assistance; and (3) his sentence is unconstitutional.

Only Claim 2 is cognizable and shall proceed in this action. When he pleaded guilty, petitioner narrowed the possible claims he could bring on federal habeas review. First, a defendant who pleads guilty cannot later raise in habeas corpus proceedings

independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty, such as the police's alleged violation of petitioner's Fifth Amendment rights.  *See Haring v. Prosise*, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations).

Second, after a defendant has entered a plea of guilty, the only challenges left open on federal habeas corpus review concern the voluntary and intelligent character of the plea and the adequacy of the advice of counsel.[2]  *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  Under these restrictions, only the ineffective assistance of counsel claim can proceed here.  Such a claim necessarily includes a challenge to the adequacy of counsel's advice regarding the possible prison sentence petitioner faced if he pleaded guilty.

**CONCLUSION**

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, and a Magistrate Judge jurisdiction consent or declination to consent form on respondent and respondent's counsel, the Attorney General for the State of California.  The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within sixty (60) days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

---

[2] There are exceptions to this general bar.  For example, a defendant who pleads guilty still may raise in habeas corpus proceedings the very power of the state to bring him into court to answer the charge brought against him, *see Haring v. Prosise*, 462 U.S. 306, 320 (1983) (citing *Blackledge v. Perry*, 417 U.S. 21, 30 (1974)), and may raise a double jeopardy claim, *see id.* (citing *Menna v. New York*, 423 U.S. 61 (1975)).

3

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within sixty (60) days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. Petitioner's motion to proceed *in forma pauperis* (Docket Nos. 2, 5 and 6) is GRANTED.

9. The Clerk shall terminate Docket Nos. 2, 5 and 6.

10. The Clerk shall enter Kimberly A. Seibel as the name of the respondent.

**IT IS SO ORDERED.**

**Dated:**  November 28, 2016

_____
JOSEPH C. SPERO
Chief Magistrate Judge

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MANUEL MENDEZ,

    Plaintiff,

v.

WARDEN,

    Defendant.

Case No. 16-cv-05120-JCS

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 28, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Manuel Mendez ID: ID: AK3019
Chuckawalla Valley State Prison
P.O. Box 2349
Blythe, CA 92226

Dated: November 28, 2016

Susan Y. Soong
Clerk, United States District Court

By:_____
Karen Hom, Deputy Clerk to the
Honorable JOSEPH C. SPERO

5